IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01671–KMT


JEFFREY R. SIMMERMAKER,

      Plaintiff,

v.

DONALD J. TRUMP,
UNITED STATES ATTORNEY GENERAL,
UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
FEDERAL CORRECTIONAL INSTITUTION-FCI FLORENCE, and
WARDEN CARTER-FCI FLORENCE,

      Defendants.

---

## ORDER

---

    This matter is before the court on Defendants' "Motion to Dismiss" (Doc. No. 20 [Mot.], filed August 19, 2020, to which Plaintiff responded in opposition (Doc. No. 24 [Resp.], filed September 29, 2020), and Defendants replied (Doc. No. 29 [Reply], filed October 13, 2020).

### STATEMENT OF CASE

    Plaintiff filed his Amended Complaint on August 3, 2020, asserting jurisdiction pursuant to 18 U.S.C. § 3626 and 18 U.S.C. § 4042.  (Doc. No. 14 [Compl.] at 4.)  Plaintiff, who is incarcerated at the Federal Correctional Institution in Florence, Colorado ("FCI Florence") (*id.* at 3) alleges the defendants have implemented a policy that deprives inmates access to musical instruments (*id.* at 6).  Plaintiff also alleges the defendants are not following the CDC's standards

regarding COVID-19.  (*Id.* at 7–9.)  Plaintiff generally references the First Amendment, and uses language associated with the Eighth and Fifth Amendment doctrines of deliberate indifference, due process, and equal protection.  (*Id.* at 6–10.)

Defendants move to dismiss Plaintiff's claims in their entirety for failure to state a claim. (*See* Mot.)

## STANDARDS OF REVIEW

### A.    Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B.**    *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id.* at 679–81.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' "  *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' "  *Id.* (citation omitted).

## ANALYSIS

### A.   *Claims Asserted Under 18 U.S.C. § 3626 and 18 U.S.C. § 4042*

Each of Plaintiff's three claims alleges violations of 18 U.S.C. § 3626, a section of the Prison Litigation Reform Act that limits the remedies available to plaintiffs with respect to prison conditions.  Plaintiff's second and third claims also allege that Defendants violated 18 U.S.C. § 4042, which sets forth the duties of the BOP.

However, 8 U.S.C. § 4042 does not create a private right of action.  *Chinchello v. Fenton*, 805 F.2d 126, 134 (3d Cir. 1986); *Harper v. Williford*, 96 F.3d 1526, 1528 (D.C. Cir.1996); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Fluker v. Fed. Bureau of Prisons*, No. 07–cv–02426–CMA–CBS, 2010 WL 2942691, at *4 (D. Colo. May 25, 2010), *report and recommendation adopted*, No. 07–CV–02426–CMA–CBS, 2010 WL 2940771 (D. Colo. July 22, 2010).  Rather, "if the duty imposed by § 4042 is breached, the prisoner's remedy is an action against the United States, under the Federal Tort Claims Act."  *Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969) (citing *United States v. Muniz*, 374 U.S. 150 (1963)); *see also*

*Thomas v. U.S. Bureau of Prisons*, No. 06–cv–00063–WYD–CBS, 2007 WL 2788650, at *11

(D. Colo. Sept. 21, 2007), *aff'd*, 282 F. App'x 701 (10th Cir. 2008).

Similarly, 18 U.S.C. § 3626 does not create a cause of action.  Rather, it is a procedural

statute that limits the remedies available to inmates who bring civil actions with respect to prison

conditions.  Its fundamental purpose is to ensure that prospective relief sought by inmates is

narrowly drawn.  *Alloway v. Hodge*, 72 F. App'x 812, 816 (10th Cir. 2003).

Therefore, Sections 3626 and 4042 cannot be a basis for Plaintiff's claims.  Nevertheless,

the court will analyze whether Plaintiff has stated a constitutional claim.

**B.      *First Amendment***

In his first claim, Plaintiff alleges that "Defendants have implemented and enforced a

practice, policy, and custom by depriving inmates access to musical instruments (acoustic or

electric) – as required by the First Amendment[] – Freedom of expression."  (Compl. at 5.)

The Supreme Court has recognized musical expression as a form of constitutionally

protected speech.  *See Ward v. Rock Against Racism*, 491 U.S. 781, 790 (1989) (city's regulation

of rock concert in city park must meet the demands of the First Amendment).  However, for

Plaintiff to show that the BOP's limitation on his right to express himself musically violates the

First Amendment, he must establish that the challenged action is not reasonably related to a

legitimate penological interest.  *Kimberlin v. U.S. Dep't of Justice*, 150 F. Supp. 2d 36, 42–43

(D.D.C. 2001), *aff'd*, 318 F.3d 228 (D.C. Cir. 2003) (citing *Thornburgh v. Abbott*, 490 U.S. 401,

409, (1989), and *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see also Washington v. Harper*, 494

U.S. 210, 223 (1990) ("the proper standard for determining the validity of a prison regulation

claimed to infringe on an inmate's constitutional rights is to ask whether the regulation is reasonably related to legitimate penological interests").

Here, Plaintiff alleges, in conclusory fashion, that BOP has "depriv[ed] inmates access to musical instruments." (Compl. at 5.) However, he does not allege that he himself plays a musical instrument, or that his own freedom of expression has been curtailed by the alleged deprivation. In his response, Plaintiff clarifies that he plays electric guitar. (Resp. at 5.) However, Plaintiff cannot amend his complaint by adding factual allegations in response to the Motion to Dismiss. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted); *Wilson v. Jenks*, Case No. 12–cv–02495–RM–KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014).

Moreover, Plaintiff's complaint "must include sufficient facts to indicate the plausibility that the actions of which he complains were not reasonably related to legitimate penological interests." *Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010). In his request for relief, Plaintiff suggests that inmates should be allowed "to purchase musical instruments for in cell use for safety on social distancing." (Compl. at 13.) Plaintiff's allegations support an inference that, to the extent that Plaintiff has less access than usual to musical instruments, any reduced access is a consequence of the ongoing coronavirus pandemic. The Tenth Circuit has repeatedly observed, a "prison's interest in responding to the threat of . . . any contagious disease occurring in prison, is obviously strong." *Cummings v. Ellsworth Corr. Facility*, 511 F. App'x 808, 812

(10th Cir. 2013) (quoting *Dunn v. White*, 880 F.2d 1188, 1195 (10th Cir. 1989)).  Plaintiff has

failed to plead "facts from which a plausible inference can be drawn that the action was *not*

reasonably related to a legitimate penological interest."  *Gee*, 627 F.3d at 1188.

Plaintiff's First Amendment claim is dismissed.

**C.     *Eighth Amendment***

Plaintiff's complaint refers to "deliberate indifference" in connection with "the needs of

inmates who face the danger of catching COVID-19."  (Compl. at 8; *see also id.* at 9, 13.)

To prevail on an Eighth Amendment "conditions of confinement" claim, Petitioner must

show that prison officials (1) deprived him of the minimal measure of life's necessities (the

objective prong), and (2) did so with "deliberate indifference" (the subjective prong).  *Farmer v.

Brennan*, 511 U.S. 825, 834 (1994).

The subjective prong of an Eighth Amendment claim requires a plaintiff to show that

Defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety."  *Self v.

Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837).  This test is

subjective, meaning "the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Farmer*, 511 U.S. at 837.  Where a prisoner "seeks injunctive relief to prevent a substantial risk

of serious injury from ripening into actual harm, the subjective factor … should be determined in

light of the prison authorities' current attitudes and conduct[.]"  *Id.* at 845 (internal quotation

marks omitted).  Thus, Plaintiff must show that Defendants are recklessly disregarding an

excessive risk to Petitioner's safety, and that they will continue to do so "into the future."  *Id.*

Here, Plaintiff has alleged no facts to satisfy the subjective prong.  He makes no allegations with respect to knowledge or attitude of any defendant.  Plaintiff argues in his response that "the inference is obvious [that] all defendants know of the COVID-19 risks to inmates."  (Resp. at 10.)  However, there are no facts in the complaint to support Plaintiff's assertion.  Moreover, Plaintiff has not alleged that any defendant disregarded such a risk.  In his Response, Plaintiff reiterates that inmates cannot maintain social distance while using computer terminals or telephones, or when interacting with their cellmates.  (*Id.* at 9.)   However, Chief District Judge Philip A. Brimmer recently rejected a similar claim by an inmate at the U.S. Penitentiary in Florence, holding that "[a] lack of social distancing in the law library and communal restrooms, as well as the provision of cloth, rather than N95 masks, does not demonstrate that defendants have disregarded the risk of COVID-19."  *Nellson v. Barnhart*, 454 F. Supp. 3d 1087, 1095 (D. Colo. 2020).

Plaintiff has failed to satisfy the subjective prong of an Eighth Amendment claim, and thus the claim is dismissed.

**D.     *Fifth Amendment***

In his Complaint, Plaintiff references inmates' "liberty interest," and also mentions "excessive confinement."  (Compl. at 5, 7.)

The "Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Plaintiff's reference to his "liberty interest" in the context of his conditions of confinement could be construed as claim that Defendants have violated his FifthAmendment due-process rights.  To establish the existence of

a liberty interest in the context of a complaint about his conditions of confinement, Plaintiff must

show that he has been subjected to an "atypical and significant hardship . . . in relation to the

ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff alleges no facts to support a finding that his conditions of confinement meet this

standard.  Rather, he claims that certain conditions at FCI-Florence put inmates at risk of

exposure to COVID-19, and that inmates are prohibited from using iPads for video visits or

having televisions or musical instruments in their cells.  (Compl. at 5–9.)  As to any lack of

access to iPads, musical instruments, and in-cell television, Plaintiff does not allege that these

conditions are atypical—rather, he suggests that these are special accommodations that should be

afforded to inmates to facilitate social distancing.  Consequently, Plaintiff has not stated a claim

for a Fifth Amendment due-process violation, or any other violation of a cognizable liberty

interest.

In his response, Plaintiff contends that his conditions of confinement constitute a

violation of his Fifth Amendment due process rights, in that he has been subjected to an "atypical

and significant hardship."  (Resp. at 11–13.)  His argument relies in significant part on

allegations made for the first time in the response itself; however, as set forth *supra*, Plaintiff

cannot amend his complaint in this manner.  *See Jojola*, 55 F.3d at 494.  Moreover, courts have

rejected claims that "lockdown" conditions, lack of visitation, and limited access to amenities

such as education programming amount to an atypical or significant hardship.  *See*, *e.g.,*

*Matthews v. Wiley*, 744 F. Supp. 2d 1159, 1172 (D. Colo. 2010) (general allegations of restricted

liberty, amenities, recreation, visitation and privileges do not implicate a liberty interest); *Lekas*

*v. Briley*, 405 F.3d 602, 610–13 (7th Cir. 2005) (conditions of cell size, religious access/freedom,

visiting procedures and telephone, opportunity for exercise and out-of-cell activity, commissary restrictions, access to both general and legal libraries, access to radio and television, access to legal property, meal procedures, and showers and other hygiene needs did not impose an atypical and significant hardship); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1995) (an inmate's confinement in disciplinary segregation where he experienced frequent lockdowns, restricted access to the law library, denial of educational opportunities, and loss of social and rehabilitative activities did not impose an atypical or significant hardship).

Plaintiff has failed to state a Fifth Amendment claim, and the claim is dismissed.

**E.      *Equal Protection***

Finally, Plaintiff generally claims that his right to equal protection is being violated.  (*Id.* at 5, 7, 8, 13.)

The Equal Protection Clause prohibits discrimination by government which either "burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference."  *Vacco v. Quill*, 521 U.S. 793, 799 (1997). To state an equal protection claim, Plaintiff must allege that he was "similarly situated" to other inmates who are treated differently, and that the difference in treatment was not "reasonably related to legitimate penological interests."  *Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir.2006).

Plaintiff's Complaint is devoid of any allegations that he is similarly situated to other inmates to have been treated different.  Rather, Plaintiff alleges all inmates are being deprived of access to musical instruments (Compl. at 6) and are suffering consequences of COVID-19 restrictions and the defendants' alleged failure to follow CDC guidelines (*id.* at 7–10).

Plaintiff's Equal Protection claim is dismissed.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that Defendants' "Motion to Dismiss" (Doc. No. 20) is **GRANTED**. Plaintiff's claims are dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  It is further

**ORDERED** that judgment shall enter in favor of the defendants and against the plaintiff on all claims for relief and causes of action asserted in this case.  It is further

**ORDERED** that the defendant is awarded its costs to be taxed by the Clerk of Court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  It is further

**ORDERED** that all other pending motions are DENIED as moot.  It is further

**ORDERED** that this case is **CLOSED**.

Dated this 10th day of March, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge